E-FILED
Wednesday, 29 January, 2020  03:32:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNY LESLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-3253 |
| | ) | |
| KESS ROBERSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff filed this case pro se from his incarceration in Lincoln Correctional Center.  He has since been released, but the Court will still screen his complaint to ensure that a claim is stated before sending this case for service.

Plaintiff alleges that his right leg is paralyzed due to a gunshot wound, requiring Plaintiff to wear a brace and walk with a cane.  To prevent excruciating pain, Plaintiff needs to take prescribed medicine daily (Elavil, Gabapentin).  Plaintiff also needs accommodations, including accommodations for his inability to walk and stand for long periods or to access the meals in the

prison.  Defendants allegedly ignored or denied Plaintiff's needs. Additionally, refills of Plaintiff's prescriptions were repeatedly late over the years.

These allegations state a plausible Eighth Amendment claim against the individual defendants for deliberate indifference to Plaintiff's serious medical needs.  Plaintiff also states a plausible claim under the Americans with Disabilities Act and Rehabilitation Act against the Illinois Department of Corrections.  The IDOC will be added as a Defendant, and this case will be sent for service.

**IT IS THEREFORE ORDERED:**

1)     This case proceeds on the following claims: (1) Eighth Amendment claims against the individual defendants for deliberate indifference to Plaintiff's serious medical needs; (2) claims under the Americans with Disabilities Act and Rehabilitation Act against the Illinois Department of Corrections.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement if Plaintiff is confined on the date of the deposition. Counsel for Defendants shall arrange the time for the deposition.

8)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)     If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**11)   Plaintiff's motion for the Court to appoint counsel is denied, with leave to renew on a more developed record. [5].** The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." <u>Pruitt</u>, 503 F.3d at 655 (7th Cir. 2007).  On this record, Plaintiff appears competent to proceed pro se.  His pleadings adequately convey the factual basis for his claims, and he has personal knowledge of many of the relevant facts underlying his claims.  Plaintiff is also out of prison, which should make it easier for Plaintiff to proceed pro se and to try again to find an attorney.  Plaintiff may renew his motion on a more developed factual record, setting forth his educational level, any jobs he has had inside or outside of prison, any classes he has

taken in prison, and his litigation experience in state and federal court.

     12)  **Plaintiff's petition to proceed in forma pauperis is granted. [8].**

     13)  **By February 17, 2020, Plaintiff is directed to pay the $19.58 initial partial filing fee which was assessed before Plaintiff's release from prison.  Failure to do so will result in dismissal of this case without prejudice.  After payment of the $19.58, no further payments will be required.**

     14)  **The Illinois Department of Corrections is added as a Defendant.**

     15)  **The clerk is directed to add the Illinois Department of Corrections as a Defendant and to attempt service on all Defendants pursuant to the standard procedures.**

     16)  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  1/29/2020
FOR THE COURT:

                               **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE